THE PIONEER HARDWOOD FLOORING COM-
PANY, a Corporation,

*vs.*

THE FELIPPE A. BROADBENT MANTLE CO. OF
BALTIMORE CITY, A Body Corporate.

*Landlord and tenant: repairs.*

In the absence of special agreement, a landlord is not obliged
to restore a pipe or repair a wall which the tenant had been
given mere permissive right to use.                     p. 651

*Decided June 25th, 1919.*

Appeal from the Superior Court of Baltimore City.
(Bond, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe,
Burke, Thomas, Pattison, Urner, Stockbridge and Ad-
kins, JJ.

*Randolph Barton,* for the appellant.

*George Washington Williams,* for the appellee.

Urner, J., delivered the opinion of the Court.

On August 1st, 1912, the appellant corporation, which is
engaged in the manufacture of hardwood flooring, became the
lessee of the first floor of a three-story factory building in the
City of Baltimore, for a term of three years, under a lease
providing for automatic renewals for successive terms in the

absence of notice by either party to the contrary. The lessor corporation, which is the appellee in this case, also owned and was itself operating a neighboring factory plant including a one-story engine and boiler building with which there was connected prior to the lease to the appellant a pipe leading from the plant of a third manufacturing company and employed for the conveyance of shavings from the latter factory to the appellee's engine room to be there used as fuel. The appellant's lease provided that it should "have the right" to remove the shavings pipe from the pre-existing connections, and attach the pipe to the plant it was leasing and to that of the appellee, with a view to the disposition of the shavings produced in the course of the appellant's manufacturing operations. The change in the location and connections of the pipe was made by the appellant under the terms of the lease and at its own expense. About two years later the plant into which the pipe discharged was leased by the appellee to the Union Box Company. In March, 1918, while that company and the appellant were still in possession of their respective leased properties, the wall of the engine room with which the shavings pipe connected was found to be badly cracked and in such a dangerous condition that it was condemned and its removal ordered by the Building Inspector of the city. Upon this wall rested an iron trestle 26 feet high which supported the shavings pipe, and as this support was necessarily withdrawn when the wall was taken down, the pipe itself was disconnected. It was not restored to its former position after the wall was rebuilt, and for that reason the appellant brought this suit against the appellee, as lessor, alleging in the declaration as the ground of liability that the defendant caused the pipe in question to be disconnected from its premises and failed or refused to reconnect it, thereby depriving the plaintiff of its right under the lease to discharge its shavings through the pipe and subjecting it to great loss in its business. The trial Court ruled that there was no evidence in the case legally sufficient to sustain the action, and accordingly

instructed the jury to find for the defendant. From the judgment entered on the verdict thus .directed the plaintiff has appealed.

The only obligation which the appellee assumed under the lease with reference to the shavings pipe was to permit the appellant to connect, maintain and use it in the position described. There was no agreement on the part of the lessor to keep the pipe or its supports in repair. That was a right which the appellant might have exercised, but it was not a duty which the appellee could be required to perform. *Gluck* v. *Baltimore,* 81 Md. 326; *Kirby* v. *Wylie,* 108 Md. 512; *Cramer* v. *Baugher,* 130 Md. 215. The appellee corporation did in fact make repairs to the extent of rebuilding the condemned wall, but its omission to restore the trestle which had rested on the wall and upon which the pipe depended for support did not violate any right which the appellant was entitled to assert and enforce. The restoration of the wall could not have been required of the appellee, and it was under no obligation to provide the pipe with another means of support. As the appellant would have had no legal ground of complaint if the wall had not been rebuilt at all, so it has acquired no right of action against the appellee merely because the repairs, while partially made, were not completed by the re-installation of the pipe in its former position.

There is no evidence in the case that the appellee interfered with the right of the appellant to mantain or restore the connection of the shavings pipe with the building into which it was intended to discharge. It was suggested in the testimony that provision might have been made for the support of the pipe by a trestle which would not rest on the wall and that if this had been done, even a temporary disarrangement of the pipe could have been avoided. But it was not the duty of the appellee to make such a provision, and while the appellant had ample notice that the wall was dangerously out of repair and would have to be removed, it took no action to obviate the necessity of disconnecting the

pipe, by substituting another support for the one which was required to be withdrawn.

The testimony shows without dispute that the appellant had no communication with the appellee in reference to the removal of the wall and pipe until two months or more after both had been taken down, but that before they were removed the appellant's president, Mr. Steiner, was in conference on the subject with Mr. Murphy, the vice-president of the Union Box Company, already referred to as the lessee of the building of which the wall formed a part and with which the pipe was connected. Mr Steiner testified that Mr. Murphy told him about the condition of the wall and the necessity for removing it and the pipe, but said that the pipe would be reconnected after the wall was rebuilt. It was not testified, however, that any representative of the appellee company made or authorized any promise that the pipe would be restored by its action or at its expense. After the wall was reconstructed Mr. Steiner learned that no provision was being made for reattaching the pipe to the building, and he then wrote a letter to the appellee complaining of that fact. There is no proof that the pipe cannot be connected with the building as now constructed or that the appellant has ever proposed or attempted to make the replacement on its own initiative. Its contention is that the *appellee* is obliged to re-establish the pipe, and this suit is brought on the theory of a failure or refusal to perform that alleged duty. The record before us does not disclose such a liability or present any evidence legally sufficient to sustain the suit. There was consequently no error in the withdrawal of the case from the jury on that ground.

In view of this conclusion it is needless to discuss the rulings on other prayers and on the admissibility of certain evidence reflecting upon the duration of the appellant's tenure and the question of damages.

*Judgment affimed, with costs.*